IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK09-42120-TLS |
| LARRY L. & LYNNE E. BARLOW, ) | |
| ) | CH. 11 |
| Debtor(s). ) | |

## REPORT & RECOMMENDATION

This matter is before the court on the debtors' motion for withdrawal of the reference (Fil. #212) and resistance by Security National Bank (Fil. #220).

Trial was held on December 16 and 17, 2009, on motions for relief from the automatic stay filed by creditors Security National Bank and Donald Kossmann. At the conclusion of the trial, the motions were granted under 11 U.S.C. § 362(d)(2) upon the court's finding, first, that the debtors have no equity in the collateral because the debts against the assets exceed their value, and second, that the property at issue is not necessary to an effective reorganization because the debtors were unable to demonstrate they could generate sufficient income to pay operating costs and secured debt.

The debtors then filed this motion for withdrawal of the reference, in an effort to have the district court stay the execution of the order while it reviews the matter. The motion to withdraw the reference appears to be an appeal in disguise, as the debtors are asking the district court to review the merits of the motion for relief and reverse the bankruptcy court's ruling.

Pursuant to Neb. R. Bankr. P. 5011-1.A. and NEGenR 1.5, motions to withdraw the reference are referred to the bankruptcy court in the first instance for preparation of a report and recommendation to the district court.

The debtor's motion was filed under 28 U.S.C. § 157(d)[1]. That section requires a showing of cause for such withdrawal, or the application of laws affecting interstate commerce. The issues involved in this matter are strictly issues of bankruptcy law, involving the automatic stay, creditors' rights, and the debtors' ability to formulate and obtain confirmation of a viable plan of reorganization, so withdrawal is discretionary. Interstate commerce issues are not implicated.

---

[1]That subsection provides:

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Courts consider a variety of factors in attempting to determine whether "cause" for withdrawal of the reference has been established. Some of the more pertinent factors include whether the issues involve core or non-core proceedings; delay and cost to the parties; the efficient use of judicial resources; the uniformity of bankruptcy administration; and the prevention of forum shopping. *Eide v. Haas (In re H & W Motor Exp. Co.)*, 343 B.R. 208, 214 (N.D. Iowa 2006). "'Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law.'" *Id.* at n.4 (quoting *Specialty Mills v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995)). The *Eide* court went on to observe that "'hearing core [bankruptcy] matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.'" *Id.* (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-02 (2d Cir.1993)). As noted above, the issues involved here are core bankruptcy issues.

In addition, the motion appears to be an attempt to retry the motion for relief in the district court, which clearly is an inefficient use of judicial resources because the evidence at trial weighed heavily in favor of the moving creditors. It also could lead to inconsistencies in the administration of the bankruptcy case. Likewise, it would be an inefficient use of the parties' resources because the expenses of trying the matter would be duplicated. Moreover, the filing of this motion rather than an appeal, in conjunction with some of the statements in the motion that seem to indicate the debtors' desire to remove the matter from this judge's consideration in hopes of obtaining a more favorable result, strongly suggest the concept of forum-shopping. These factors all weigh against finding "cause" for withdrawal of the reference. The debtors are free to seek relief by filing, in the appropriate manner, a motion for stay pending appeal and an appeal of this court's order of December 17.

I respectfully recommend to the United States District Court for the District of Nebraska that the debtors' motion for withdrawal of the reference be denied.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED:    December 23, 2009

                                        RESPECTFULLY SUBMITTED,

                                         /s/ Thomas L. Saladino
                                        Chief Judge


Notice given by the Court to:
William L. Needler          Richard Lee Johnson
Richard P. Garden, Jr.      Kathleen Rockey
David Copple  U.S. Trustee